# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Eric Smith, | ) |
|             Plaintiff, | ) |
| | ) Case No. 3:19-cv-232 |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| State of North Dakota; Emily Erickson; Cass County of North Dakota; Susan Solheim, official/unofficial capacity; Scott Griffeth, official/unofficial capacity; and Lindsey Froe[h]lich;[1] | ) |
|             Defendants. | ) |

     Plaintiff Eric Smith, proceeding in forma pauperis and pro se, filed a complaint and supplements to the complaint asserting claims under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(e)(2), the court may sua sponte review an in forma pauperis complaint prior to it being served on defendants. If the court determines the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant immune from such relief, the court must dismiss the complaint. Additionally, under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss an action if it lacks subject matter jurisdiction.

## Facts

     This action arises out of a dispute about parenting responsibilities between Smith and defendant Emily Erickson, who is the mother of Smith's minor child. It concerns two state court orders—(1) an order determining each parent's responsibilities, and (2)

---

[1] The Clerk is directed to correct the docket to reflect the correct spelling of Lindsey Froehlich's name.

an order declaring Smith a vexatious litigant—issued by defendant Scott Griffeth, a judicial referee who presided over the state case.

Smith asserts that during an evidentiary hearing, Judicial Referee Griffeth awarded Erickson sole decision-making authority for the child's mental health needs but later signed an order, prepared by Erickson's attorney, which awarded her sole decision-making authority for both the child's mental health needs and medical needs. (Doc. 6, p. 1; Doc. 8, p. 2; Doc. 8-1; p. 6). Smith also asserts Judicial Referee Griffeth determined Smith was a vexatious litigant, at Erickson's request, without providing Smith an opportunity to be heard. Smith asserts these actions violated his due process rights. He requests that this court (1) reinstate his decision-making authority with regard to the child's medical needs, (2) prohibit the state court from labeling him a vexatious litigant, and (3) hold a hearing on his claims. He further requests punitive damages though he also states he is not requesting money. (Doc. 6, pp. 3, 5-6; Doc. 6-1, p. 4; Doc. 8-2, p. 3).

## Law and Discussion

To state a cognizable claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2), as interpreted by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009), and their progeny. To meet the Twombly/Iqbal standard, a complaint must present a "plausible" claim and must give the defendants fair notice of the claim and grounds upon which it rests. E.g., Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015). When the factual content of a complaint allows the court to reasonably infer a defendant is liable for the alleged misconduct, the complaint has stated a facially plausible claim. Iqbal, 556 U.S. at 678. In other words,

the complaint must "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (citing Fed. R. Civ. P. 8(a)(2)).

While facts alleged in the complaint are to be accepted as true, conclusory allegations of the elements of a cause of action are insufficient to state a claim that is plausible on its face. Id. In construing a pro se complaint, a court is to take a liberal approach and is to hold a pro se litigant to a less stringent pleading standard than would be required of attorneys. Erickson v. Pardus, 551 U.S. 89, 93 (2007).

Under the Rooker-Feldman doctrine,[2] federal district courts lack subject matter jurisdiction over direct challenges to state court orders and over any claims inextricably intertwined with those decisions. Robins v. Ritchie, 631 F.3d 919, 925 (8th Cir. 2011); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (stating Rooker-Feldman precludes federal jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments"). Because Smith seeks to directly challenge the state court's orders determining his and Erickson's parental responsibilities and declaring him a vexatious litigant, his claims are barred by the Rooker-Feldman doctrine.

## Conclusion

This court **RECOMMENDS** Smith's complaint be **DISMISSED** without prejudice. Because any appeal would be frivolous and could not be taken in good faith,

---

[2] The Rooker-Feldman doctrine is derived from two Supreme Court cases: (1) Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); and (2) District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

this court further **RECOMMENDS** the court find any appeal may not be taken in forma pauperis.

Dated this 4th day of December, 2019.

> */s/ Alice R. Senechal*
> Alice R. Senechal
> United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT[3]

Plaintiff may object to this Report and Recommendation by filing with the Clerk of Court no later than **December 18, 2019**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[3] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.